SUTTON, Circuit Judge,
dissenting.
I agree with the majority in every way but one: I cannot agree that a requirement to obtain psychological counseling amounts to a requirement to obtain a medical examination.
The relevant provision says:
A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.
42 U.S.C. § 12112(d)(4)(A) (emphasis added). The determinative words are “require” and “medical examination,” not just “medical examination.” The law bars a required medical examination — and that did not happen. When Kroll, an emergency medical technician, showed on-the-job distress over an affair with a married coworker, principally through several outbursts at work, her employer, the White Lake Ambulance Authority, understandably tried to do something about it. The employer, however, did not compel Kroll to take a medical examination. It compelled her to obtain psychological counseling, allowing her to obtain it on her own terms and with any counselor she wished. The employer had no interest in the outcome of the counseling, no interest in any potential diagnosis, no interest in the type of counseling she received, no interest in anything at all save verification that she obtained some form of counseling if she was going to continue providing EMT services for the ambulance company.
By any definition, compelled counseling does not compel a medical examination. As the EEOC guidelines recognize, some *821 “psychological tests” amount to medical examinations, and others do not. EEOC, Enforcement Guidance: Disability — Related Inquiries and Medical Examinations of Employees, at 5 (“psychological tests that are designed to identify a mental disorder or impairment” are medical exams, but “psychological tests that measure personality traits such as honesty, preferences, and habits” are not). No evidence shows that White Lake Ambulance insisted that Kroll’s psychological counseling involve one type of test or another. No evidence, indeed, shows that the ambulance service insisted she submit to any test while obtaining counseling. The majority acknowledges the same point. As it explains, a psychological-counseling requirement covers a range of treatments, some including “medical examinations,” some not. Maj. Op. at 816.
The breadth of services encompassed by a psychological-counseling requirement resolves this claim. For it means that Kroll, not the company, controlled her destiny— controlled in other words whether she sought counseling that included a medical examination or did not. No doubt, she might meet this requirement by seeing a psychologist or psychiatrist who used a medical examination. But, if so, that was her choice, not the company’s. If a trying boss insists that an employee arrive at work by eight o’clock the next morning, it is not the boss’s fault if the employee opts to meet the requirement by staying overnight in the office. So it is here. Kroll had the right to meet this counseling requirement on her own terms, some of which could lead to a medical examination and others of which would not. Because White Lake Ambulance did not “require” Kroll to obtain a “medical examination,” I must respectfully dissent.